UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY SABANA,<br><br>    *Plaintiff*,<br><br>v.<br><br>CORELOGIC, INC., et al.,<br><br>    *Defendants*. | Case No. 8:23-cv-00965-HDV-JDE<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>[Note Changes by the Court] |

The Parties, through counsel, stipulated to the entry of a Protective Order to prevent the unnecessary dissemination or disclosure of certain documents, transcripts, records, and other things that constitute or contain confidential information subject to protection under Federal Rule of Civil Procedure Rule 26(c). The Parties have stipulated that good cause exists for the entry of a Protective Order in accordance with Rule 26(c) to protect against improper disclosure of such confidential information produced or disclosed in this litigation. Accordingly, it is ORDERED as follows:

  1. **Scope**. This Order covers only materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), concerning Confidential Information as

defined below. This Order is subject to the Civil Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. This Order does not cover use of any materials at trial or any court hearing; use of materials at trial or a hearing shall be determined by the judge presiding.

2. **Definitions.** As used in this Protective Order, these terms have the following meanings:

   a. "Material" or "Materials" includes all documents, transcripts, records, and things (in oral, written, or electronic form) within the scope of Federal Rule of Civil Procedure 34 and discovery in this litigation, including, without limitation, all testimony adduced at depositions, all documents or things responsive to requests for the production of documents and things, all answers to interrogatories, all responses to requests for admissions, and all other discovery requests taken in accordance with the Federal Rules of Civil Procedure, and any other information furnished, directly or indirectly, by or on behalf of any party to this litigation or any third party.

   b. "Agreement to Be Bound by Protective Order" means an executed document in the form attached as Exhibit A.

   c. "Requesting Party" or "Receiving Party" means the party that requests or receives the disclosure of Confidential Information.

   d. "Producing Party" means the party that owns, or otherwise controls, or produces Confidential Information. A Producing Party may be one of the named parties to this litigation as well as non-parties who have been asked to produce Confidential Information by one of the named parties.

   e. "Designating Party" means the party that designates Material as Confidential Information.

3. **"Confidential Information."** A Party may designate any Material "CONFIDENTIAL" for protection under this Protective Order where that Material constitutes or discloses "Confidential Information" and an attorney believes in good

faith that the Material contains or discloses "Confidential Information" that qualifies for protection under Rule 26(c). "Confidential Information," as that term is used herein, comprises information that is (a) personal, financial, or credit information or data; or (b) non-public or proprietary business, commercial or financial information, trade secrets, credit, compliance, personnel, and administrative information and the like.

4. **Use of Information.** All Materials, and information contained therein, designated "CONFIDENTIAL" shall be used solely for the purpose of this litigation, including any appeal thereof, unless otherwise agreed to in writing by the Designating Party or directed by a court of competent jurisdiction.

5. **Access to Confidential Information.** The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Confidential Information to any person or entity except as set forth in subparagraphs (a)-(l) identified below:

   a. <u>This Court</u>, its officers and supporting personnel, and any appellate court to which an appeal may be taken or in which review is sought, and its officers and supporting personnel;

   b. <u>Outside counsel of record</u> and their associates, legal assistants, investigators, and stenographic and clerical employees whose responsibilities are reasonably necessary to assist such counsel in the litigation of this action and so long as their duties and responsibilities require access to confidential information;

   c. <u>Counsel</u> for each party and their legal assistants and administrative staff;

   d. <u>Named parties</u>, or legally authorized representatives of named parties (excluding employees of a named plaintiff), but only to the extent counsel determines in good faith that the representative's assistance is reasonably necessary to the prosecution or defense of the litigation in which the information is disclosed. Confidential Information may not be disclosed to any member of the putative class.;

   e. <u>Directors, Trustees, Officers, Employees, and Agents</u> of named parties to the extent necessary to assist in the conduct of this litigation;

  f. <u>Court reporters</u> and videographers retained to transcribe and videotape testimony in this litigation;

  g. <u>Outside experts and consultants</u> who have been retained by at least one party or their counsel for purposes of this litigation, including their support, administrative, and clerical staff, to the extent necessary to assist the party in this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Unless otherwise permitted herein, such outside experts and consultants under this section shall not include any employees of any of the Parties;

  h. <u>Any Mediator</u> engaged by the Parties to this action and who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

  i. <u>Other litigation vendors</u> retained by at least one party for purposes of this litigation (including, but not limited to, outside photocopy, imaging, database, graphics, translation, and design services), including their support, administrative, and clerical staff, to the extent reasonably necessary to assist the party in this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

  j. <u>Any person who authored or previously received</u> the Confidential Information and who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

  k. <u>Deponents</u> at or in preparation for depositions so long as (1) the deponent is any of the following: (a) a deponent in this action to whom Party counsel believes disclosure is reasonably necessary during a deposition; (b) a present or former director, officer, employee, or contractor of the Producing Party; (c) an author, addressee, or other person indicated as a recipient of a document containing the information; (d) a Rule 30(b)(6) designee of the Producing Party; or (e) someone to whom the Confidential Information was previously directed or who is referred to (directly or indirectly) in the Confidential Information; (2) at the request of any party, the portion of the deposition transcript involving the Confidential Information

is designated "CONFIDENTIAL"; and (3) the witness is not permitted to retain a copy of the Confidential Information.

l.  <u>Any other person</u> for whom prior written authorization is obtained from the Producing Party or the Court.

6.  **Third Party Materials**. Third parties producing Materials in the course of this litigation may also designate such Materials as "CONFIDENTIAL" subject to the same protections and constraints as the Parties to the litigation. A copy of this Protective Order shall be served along with any subpoena served in connection with this litigation. All Materials produced by such third parties shall be treated as "CONFIDENTIAL" for a period of fourteen (14) calendar days from the date of their production to any and all parties in this litigation regardless of the designation of those Materials by the third party so that the Parties have sufficient time to review the Material to determine whether to assert that the Materials contain Confidential Information of any party.

7.  **Designation and Effect**. A Designating Party shall designate material containing Confidential Information by clearly labeling it "CONFIDENTIAL." A document produced natively, such as a spreadsheet file, that is designated "CONFIDENTIAL" shall include, respectively, "CONFIDENTIAL" in the file name and/or labeled in the slip sheet. The designation of information as "CONFIDENTIAL" shall constitute a representation that an attorney believes that there is a valid basis for such designation. The failure to designate information as "CONFIDENTIAL" may not, however, be used against the Producing Party as an admission or concession that the designated information is not, in fact, confidential, proprietary, or otherwise sensitive.

8.  **Handling of Confidential Materials**. Any person in possession of Materials that have been designated as "CONFIDENTIAL" shall exercise reasonable and appropriate care with regard to the storage, custody, or use of such Materials to ensure that their confidential nature is maintained. No person receiving such

designated Materials shall, directly or indirectly, transfer, disclose, or communicate in any way the Materials or the contents or information of the Materials to any person other than those specified in Paragraph 5 and only as specified in this Protective Order.

9. **"Agreement to Be Bound by Protective Order."** Upon request by any party, counsel for the party obtaining an Agreement to Be Bound by Protective Order shall supply a copy to counsel for all other parties. The Parties agree that Agreements to Be Bound by Protective Order for outside retained experts shall not be supplied until the applicable deadline for expert disclosures. The Parties need not disclose the identities of experts retained to provide consulting services, except only as per the Federal Rules of Civil Procedure, but consulting experts must still execute the "Agreement to Be Bound by Protective Order" (Exhibit A) and comply with its terms.

10. **Use of Confidential Information at Deposition.** Based upon a good faith belief by the Designating Party, depositions or portions thereof may be designated as "CONFIDENTIAL" and thereby obtain the appropriate protections accorded other Confidential Information. Confidentiality designations for depositions shall be made either on the record or by written notice to all other parties within thirty (30) calendar days of receipt of the final transcript. Until the 30-day period elapses, the entire transcript shall be treated as "CONFIDENTIAL." The deposition of any witness (or any portion of such deposition) that encompasses such information shall be taken only in the presence of persons qualified to have access to such information. Where a confidentiality designation is made, individuals in attendance who are not entitled to hear the designated information must leave the deposition for the designated portion.

11. **Inadvertent Failure to Properly Designate Documents.** An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document. Such failure shall be corrected by providing written notice of the error and substituted copies of the inadvertently

produced documents. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to ensure that the document is treated in accordance with the provisions of this Order. Any party receiving such inadvertently unmarked Materials shall make reasonable efforts to retrieve Materials distributed to persons not entitled to receive Materials with the corrected designation.

12. **Disclosure of Privileged Documents.** The production or disclosure of any document or thing otherwise protected by the attorney-client privilege or work-product immunity shall not operate as a waiver of any such privilege or immunity if, after learning of the production or disclosure, the party who made the production or disclosure promptly sends to any Receiving Party a written request for the return or destruction of such documents or things. Upon receiving such a request, regardless of whether the Receiving Party contests that the documents or things are protected by the attorney-client privilege or by the work-product immunity, the Receiving Party shall immediately take all necessary steps to return, sequester, or destroy such documents or things within ten (10) business days, including all copies and electronic copies, and make a written certification to the Producing Party of such compliance. If the Receiving Party disclosed the produced document or thing before being notified by the Producing Party, it must take reasonable steps to retrieve the produced document or thing.

a. If the Receiving Party wishes to contest that any such document or thing is protected by the attorney-client privilege or by work-product immunity, the Receiving Party shall so notify the Producing Party in writing. Within ten (10) business days after receiving such notification, the Producing Party shall provide to the Requesting Party a list identifying all such returned or destroyed documents and things and stating the basis for the claim of privilege or immunity. After receiving such a list, and after the Parties have attempted to resolve the dispute through a meaningful meet and confer, the Receiving Party may file a motion to

1  compel production of such documents and things, the protection of which is still
2  disputed.

3      b.    With respect to documents and things subsequently generated by a
4  Receiving Party, which documents and things contain information derived from
5  such produced documents and things, upon receiving the notice of produced
6  documents and things from the Producing Party under Paragraph 12(a), the
7  Receiving Party shall immediately destroy, sequester, or redact the derivative
8  documents and things in a manner such that the derivative information cannot in
9  any way be retrieved or reproduced. Such derivative information shall only be used
10 if the Receiving Party obtains a favorable ruling from the Court on a motion to
11 compel production of the inadvertently produced documents and things from
12 which the derivative information was derived.

13     c.    In no event, however, shall the return, sequester, or destruction of
14 demanded documents be delayed or refused because of a Receiving Party's
15 objection to the demand or by the filing of a motion to compel. Furthermore, until
16 and unless such motion to compel is granted, the Receiving Party shall neither
17 quote nor substantively reveal any privileged information contained within the
18 documents or things at issue, either prior to or following their return, except to the
19 extent such information is reflected in an appropriate privilege log.

20     13.    **Filing Confidential Information with the Court**. Any Party that seeks
21 to file a document containing materials or information designated Confidential
22 Information by the opposing Party with the Court shall follow the procedures set forth
23 in Civil Local Rule 79-5. Confidential Information may only be filed under seal
24 pursuant to a court order authorizing the sealing of the specific Confidential
25 Information at issue. If a party's request to file Confidential Material under seal is
26 denied by the court, then the Receiving Party may file the information in the public
27 record unless otherwise instructed by the Court.
28

14. **Use of Confidential Information in Court.** Nothing in this Order shall be construed to prohibit the use of any document, material, or information at trial. A party who believes that restrictions on the dissemination of Confidential Information at trial or during Court hearings is necessary may file an appropriate motion with the Court.

15. **Challenges to Designation.** Any party may request a change in the designation of any information designated "CONFIDENTIAL." Such a request must be in writing and must provide the basis for the request. Any such Material shall be treated as Confidential Information until the change is completed. The Parties must meet and confer regarding the challenge to the confidentiality designation. If the requested change in designation is not agreed to, the party seeking the change may move for appropriate relief pursuant to Civil Local Rule 37.1 *et seq*. The party asserting confidentiality shall have the burden of proving that the information in question is within the scope of protection afforded by this Order. The Materials at issue shall be treated as Confidential Information, as designated by the party asserting confidentiality, until the Court decides the motion.

16. **Unauthorized Disclosure by Receiving Party**. In the event Confidential Information is disclosed to someone not authorized under the terms of this Order to receive such information, counsel of record for the party involved with the disclosure shall (i) promptly inform counsel of record for the Producing Party describing the circumstances surrounding the unauthorized disclosure, and in no event longer than three business days after discovery; and (ii) make reasonable efforts to retrieve the Confidential Information and to prevent disclosure by each unauthorized person who received or possesses such Confidential Information.

17. **Return or Destruction upon Termination of Litigation.** Upon the termination of this litigation, including any appeals, all documents and other Materials designated as "CONFIDENTIAL" by a Producing Party shall be returned to the Producing Party or destroyed. Each party's outside counsel, however, may retain

archival copies of all attorney work product, consultant work product, correspondence, expert reports, deposition transcripts and exhibits, papers filed with the Court (including exhibits), and discovery requests and responses. Any Confidential Information included in the archival copy shall remain subject to the provisions of this Order. Notwithstanding the foregoing, the Parties acknowledge that it is not feasible to certify the return or destruction of electronic copies of information that have been archived, placed on back-up tapes, stored in "sent mail" or "deleted mail" folders, or otherwise rendered inaccessible. Upon request of the opposing party, a party shall certify compliance with this Paragraph in writing within ninety (90) calendar days of the termination of the litigation.

18. **Modification of the Protective Order**. Any party may apply to the Court for a modification of this Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality, as may be appropriate. The Parties may without further Court order, upon written agreement between the Parties, reasonably modify any of the time periods specified within.

19. **No Waiver of Claim or Defense**. No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in the litigation or of any position as to the discoverability or admissibility of evidence.

20. **Injunctive Relief.** If any person violates or threatens to violate the terms of this Protective Order, the Parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person. The Parties agree that, if the aggrieved party demonstrates a reasonable likelihood of success on the merits, then in the absence of injunctive relief, the aggrieved party will be irreparably harmed. The Parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Protective Order, notwithstanding any subsequent disposition of this litigation. Nothing in this Paragraph limits the Court in ruling on any requested relief.

21. **Subpoena or Court Order.** If a Requesting Party is served with a subpoena or a court order that would compel disclosure of any information, documents, or things designated by a Designating Party in this action as "CONFIDENTIAL," then no more than seven (7) calendar days after receiving the subpoena or order, the Receiving Party must (1) notify the Designating Party in writing (or email) of the subpoena or order and include a copy of the subpoena or order with the notification; (2) inform the party that caused the subpoena or order to issue, in writing, that some or all of the Materials covered by the subpoena or order are subject to this Protective Order; and (3) deliver a copy of this Protective Order to the party that caused the subpoena or order to issue. The purpose of these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party an opportunity to seek protection for its Confidential Information in the court from which the subpoena or order issued. The Designating Party shall bear the burden and expense of seeking protection in that court. Nothing in this provision should be construed as authorizing or encouraging a Requesting Party to disobey a lawful directive from another court.

22. **Time.** All time provisions of this Protective Order shall be calculated in accordance with Federal Rule of Civil Procedure 6, as modified by the Scheduling Order.

23. **Survival of Protective Order.** The obligations imposed by this Protective Order shall survive the termination of this litigation.

**FOR GOOD CAUSE SHOWN, IT IS ORDERED:**

Dated: August 6, 2025

_____
JOHN D. EARLY
United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANNY SABANA,<br><br>　　　　　　　　*Plaintiff*,<br><br>v.<br><br>CORELOGIC, INC. et al.,<br><br>　　　　　　　　*Defendants*. | Case No. 8:23-cv-00965-HDV-JDE<br><br>**EXHIBIT A**<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**<br><br>Judge: Hon. Hernan D. Vera<br><br>Magistrate Judge: Hon. John D. Early |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, declare that:

I reside at _____.

I am currently employed by _____, located at _____. My current job title is _____.

I have read and understand the terms of the Protective Order in the above-captioned matter pending in the United States District Court for the Central District of California. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court, civil liability, or any combination of the foregoing. I submit myself to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing or otherwise providing relief relating to the Protective Order. I shall not divulge any Materials, or copies of Materials, designated "CONFIDENTIAL" obtained in accordance with the Protective Order, or the contents of such Materials, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such Materials except for the purposes of this litigation and in accordance with the terms of the Protective Order. As soon as

1  practicable, but no later than thirty (30) calendar days after final termination of this
2  litigation, I shall destroy any Materials in my possession designated
3  "CONFIDENTIAL" or return them to the attorney from which I received such
4  Materials. I shall also destroy or return to that attorney, at that time, all copies,
5  excerpts, summaries, notes, digests, abstracts, and indices relating to such Materials.
6      I declare under penalty of perjury that the foregoing is true and correct.
7
8  Executed: _____   Date: _____